**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CAUSE NO. 1:06-cr-37-LG-BWR-1**

**NANCY P. LYONS**

## MEMORANDUM OPINION AND ORDER DENYING AS MOOT MOTION FOR RECONSIDERATION AND DENYING CLAIM FOR EXEMPTION

**BEFORE THE COURT** is the [30] Motion for Reconsideration filed by the Government in this garnishment proceeding.  Defendant did not respond to the Motion, but it did file a [33] Notice of Claim for Exemption and Request for Hearing, which is opposed by the Government.  After due consideration of the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the [30] Motion for Reconsideration should be denied as moot.  Further, the Claim for Exemption should be denied.

### BACKGROUND

On July 18, 2006, Defendant-Debtor Nancy P. Lyons entered a plea of guilty to a single count Bill of Information alleging that she engaged in a scheme and artifice to defraud and obtain money from First National Bank of Wiggins, by means of materially false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. § 1344.  On September 26, 2006, she was sentenced to 5 months' incarceration, 5 years' supervised release with 5 months' house arrest, $110,316.87 restitution, and a $100 special assessment.

On November 2, 2023, the Government filed two [14] [15] applications for Writ of Garnishment as to garnishees Bank of Wiggins and Forrest General Hospital Pension Plan ("Garnishees").  The Clerk issued the [16] [17] Writs the same day, as well as [18] [19] Notices describing property exempt from garnishment.  The Writs represent that Defendant-Debtor's outstanding balance on her restitution obligation is $56,968.24.  On November 13-14, 2023, Garnishees filed [23] [25] answers to their respective Writs, with Forrest General Hospital Pension Plan later [28] amending its Answer.

On November 14, 2023, Defendant-Debtor filed a [24] Motion to Dismiss, arguing that she was improperly served, which was [26] opposed by the Government.  On January 24, 2024, the Court issued a [29] Memorandum Opinion and Order finding that she was improperly served and granting the Government fourteen (14) days to effectuate service compliant with the Court's Order.  The Government filed a [30] Motion for Reconsideration on January 31, 2024.  Pursuant to the Court's Order, Defendant-Debtor was personally served the same day.  (*See* United States Marshal's Return, ECF No. 31).

On February 26, 2024, Defendant-Debtor filed a Notice of Claim for Exemption and Request for Hearing, in which she alleges that certain funds subject to garnishment are owned by her husband and held in their joint bank account.  (*See* Not., ECF No. 33).  She then "requests that the entire amount of $16,818.69 be returned back to her due to the fact that a portion of the money belongs to her husband."  (*Id.* ¶ 3).  The Government opposes the Motion, arguing that the

requests are untimely, that the exemption fails on the merits, and that the claim is improperly directed at the garnishment itself rather than the answers of the garnishees.  (*See* Resp. Opp. Def.'s Claim of Exemption, ECF No. 34).  The Government also explains that it does not possess the funds in question because the Court has not yet issued an order of garnishment requiring payment of these funds to the United States.  (*Id.*).

**DISCUSSION**

## I.      Motion for Reconsideration

In her original [24] Motion to Dismiss Garnishment, Defendant-Debtor argued that she was improperly served the Writs of Garnishment by mail in violation of Fed. R. Civ. P. 4(d).  The Government [26] responded that notice to Defendant-Debtor of a writ of garnishment only requires service under Fed. R. Civ. P. 5(b)(2)(C), which authorizes service by mail.  The Court, by [29] Memorandum Opinion and Order dated January 24, 2024, found that the Writs of Garnishment should have been served on Defendant-Debtor via the stricter methods provided by Rule 4, and gave the Government two weeks to effectuate service in compliance with the Order.  (*See* Mem. Opinion and Order, ECF No. 29).

In a promptly filed [30] Motion for Reconsideration, the Government challenges this conclusion and argues that the Court improperly conflated the enforcement of criminal and civil obligations and service upon the defendant with service upon the garnishees.  (Govt.'s Mot. Reconsider Mem. Opinion & Order, at 3-9, ECF No. 30).  The Government also argues that the Court should not have

considered state law and that personal service on defendants is unnecessary or impractical from a prudential standpoint.  (*Id.*).  The Government thereby requests that "this Court reconsider its Memorandum Opinion and Order entered January 24, 2024, and find that service of process as to the Defendant Nancy P. Lyons, was proper under Rule 5 of the Federal Rules of Civil Procedure."  (*Id.* at 12).

However, the Court understands from the record that the United States Marshals Service personally served the Writ of Garnishment on Defendant-Debtor Nancy Lyons on January 31, 2024.  (*See* United States Marshal's Return, ECF No. 31).  Because this service complied with the Court's order, even if erroneous, the [30] Motion for Reconsideration leaves no live controversy on the issue and is therefore moot.  *See, e.g., Louis Dreyfus Corp. v. McShares, Inc.*, Civ. No. 88-5489, 1989 WL 147535 (E.D. La. Nov. 22, 1989) (finding a motion for reconsideration on a service of process issue moot after personal service was thereafter effected); *see also Settle v. Ladesic*, Civ. No. 89-2174-O, 1989 WL 163010, at *1 (D. Kan. Dec. 5, 1989) ("The basis for the court's orders was that plaintiff had improperly served those defendants; because plaintiff has now properly served defendants . . . his motion to reconsider is moot as to them and will be denied.").

## II.    Claim for Exemption and Request for Hearing

Next, Defendant-Debtor has filed a [33] Notice of Claim of Exemption and Request for Hearing.  In the Claim for Exemption, Defendant alleges that the [17] Writ of Garnishment served on the Bank of Wiggins applied to "funds [which] are in a joint account belonging to both her and her husband," allegedly including an

"amount belonging to the husband."  (Not. ¶¶ 1-2, ECF No. 33).  She then "requests that the entire amount of $16,818.69 be returned back to her due to the fact that a portion of the money belongs to her husband."  (*Id.*).  She also requests a hearing on the claim under 28 U.S.C. § 3202(d).  (*Id.*).

The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, *et seq.*, "makes restitution mandatory for certain crimes . . . and authorizes the United States to enforce a restitution order in accordance with its civil enforcement powers."  *United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010).  These civil enforcement powers are set forth in the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308.  The FDCPA authorizes the Court to issue "a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, and control of a person other than the debtor, in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a); *United States v. Clayton*, 623 F.3d 592, 595 (5th Cir. 2010).  The following exemptions apply to the Government's authority:

> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

"Within 20 days after receipt of the answer, the judgment debtor . . . may file a written objection to the answer and request a hearing.  The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5).  Here, Garnishee, the Bank of Wiggins, filed its Answer on November 13, 2023, and therein certified that it had already mailed a copy by First Class mail, postage prepaid, to Defendant-Debtor.  (*See* Ans. Garnishee ¶ G, ECF No. 23).  She did not file her Notice of Claim for Exemption until February 26, 2024, which is well beyond the statutory period.  Hence, the request is untimely.  *See, e.g., United States v. Egubuchunam*, No. 3:15CR519-L(03), 2021 WL 6063641, at *5 (N.D. Tex. Dec. 21, 2021) (finding that a judgment debtor waived her statutory right to a hearing by failing to request it within the required time).[1]

Defendant-Debtor has also requested a hearing under 28 U.S.C. § 3202(d). The issues at a hearing under Section 3202(d) are limited:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—

---

[1] Moreover, because her claim was made in response to the garnishment itself, rather than to the Garnishee's Answer, she is not entitled to a hearing under Section 3205(c)(5).  *See United States v. Pettigrew*, No. 3:10-CV-2142-M, 2011 WL 900545, at *2 (N.D. Tex. Mar. 14, 2011); *F.T.C. v. Nat'l Bus. Consultants*, No. CIV.A. 89-1740-LMA, 2013 WL 6798372, at *2 (E.D. La. Dec. 19, 2013), *report and recommendation adopted,* No. CIV.A. 89-1740, 2014 WL 248454 (E.D. La. Jan. 22, 2014) ("Section 3205(c)(5) does not mandate a hearing for relief from . . . a writ of garnishment.").

(A) the probable validity of the claim for the debt which is merged in the judgment; and

(B) the existence of good cause for setting aside such judgment.

A request for a hearing under 28 U.S.C. § 3202(d) must be made "within 20 days after receiving the notice described in section 3202(b)." *Id.* § 3202(d). As noted *supra*, Defendant-Debtor was personally served by the United States Marshals Service on January 31, 2024 (*see* United States Marshal's Return, ECF No. 31), and she did not file her claim and request for hearing until February 26, 2024. Therefore, the request for hearing under section 3202(d) is untimely. *See Egubuchunam*, 2021 WL 6063641, at *5.

Finally, and most importantly, "Defendant bears the burden to show the source of the garnishment is exempted." *United States v. Hall*, No. 1:01CR039-DCB-002, 2022 WL 6785776, at *2 (S.D. Miss. Oct. 11, 2022) (citing *United States v. Taylor*, No. 8:12CR82, 2013 WL 5962057, at *2 (D. Neb. Nov. 6, 2013)); *see also* 28 U.S.C. § 3205(c)(5) ("The party objecting shall state the grounds for the objection and bear the burden of proving such grounds."). Accordingly, the Government argues that the Claim for Exemption "fails on its merits and should be dismissed" because Defendant-Debtor cannot demonstrate that the property in question is exempt from garnishment and thereby sustain her burden. (*See* Resp. Opp. Def.'s Claim for Exemption, at 6, ECF No. 34).

The Court agrees. Defendant-Debtor does not cite to any statutory provision exempting her joint bank account from garnishment. "Under the Federal Debt Collection Procedures Act, the United States may garnish a debtor's jointly-owned

7

property to enforce a criminal restitution order to the extent allowed by the law of the State where the property is located." *United States v. Seymour*, 275 F. App'x 278, 280 (5th Cir. 2008) (citing 18 U.S.C. § 3613(a); 28 U.S.C. §§ 3010(a), 3205(a)) (unpublished); *see also* 28 U.S.C. § 3010 ("The remedies available to the United States under this chapter may be enforced against property which is co-owned by a debtor and another other person only to the extent allowed by the law of the State where the property is located."). "Thus, Mississippi law controls to what extent" the "joint account is subject to garnishment," and "[u]nder Mississippi law, a joint account is *prima facie* subject to garnishment." *Id.* (citing *Delta Fertilizer, Inc. v. Weaver*, 547 So. 2d 800, 803 (Miss. 1989)). "When claiming a portion of that account exempt from garnishment, the burden is on a joint owner to establish the portion of the funds she owns." *Seymour*, 275 F. App'x at 280 (citations omitted). Here, Defendant-Debtor has not presented any evidence—beyond bare assertions—to establish the extent of another party's ownership of funds in the joint bank account. Therefore, Defendant-Debtor has not satisfied her burden, and the joint account remains *prima facie* subject to garnishment.[2]

---

[2] Defendant-Debtor indicates that the funds in the joint account include retirement proceeds and Social Security benefits. (*See* Claim for Exemption ¶ 1, ECF No. 33). To the extent that Defendant has thereby argued that these proceeds are protected by federal law, the Government correctly points out that Social Security benefits and retirement proceeds may be garnished under the MVRA. *See United States v. Swenson*, 971 F.3d 977, 983 (9th Cir. 2020) (holding that "where the SSA's anti-alienation provision would otherwise protect a defendant's Social Security benefits from collection, Section 3613(a) [of the MVRA] empowers the government to garnish those benefits"); *United States v. Frank*, 8 F.4th 320, 325-26 (4th Cir. 2021) (holding that "retirement funds . . . can be used to satisfy criminal restitution orders"

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [30] Motion for Reconsideration filed by the Government is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [33] Claim for Exemption and Request for Hearing are **DENIED.**

**SO ORDERED AND ADJUDGED** this the 2nd day of April, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE

---

notwithstanding ERISA anti-alienation provisions to the contrary).  Besides, Defendant does not elaborate on this point or make this argument in any detail.